June Term,<br>1860.<br><br>Blossom<br>v.<br>Ferguson.

## Blossom vs. Ferguson.

Where there is no bill of exceptions or case made, containing the evidence, with exceptions taken on the trial, and no exception taken to the finding of the court, or its conclusions of law, this court can look into the case only to see whether the judgment is sustained by the pleadings and the finding of the court. If not so sustained it must be reversed.

A conveyed to B "the undivided half of lot No. 10," &c., excepting therefrom " so much of said premises as may have heretofore been conveyed (if any) by the party of the first part to one M." The previous deed from A to M was a quit claim for a parcel of ground included in lot 10; but at the time of its execution, A had no title to any part of the lot: *Held*, that B took the undivided half of lot No. 10, as if no exception had been expressed in the deed to him.

APPEAL from the Circuit Court for *Milwaukee* County.

The complaint alleged that the plaintiff was seized in fee, as tenant in common with the defendant, of an undivided fourth part of lots 5, 6, 7 and 8, of the subdivision of lot 10 in the N. E. qr. of a certain sec. 32, according to a certain plat therein referred to, and prayed for a partition. The defendant admitted the allegations of the complaint, except as to lot 8, of which he claimed to be sole owner.

The circuit court found, among its conclusions of law, that the deed from Walker to Martin in 1842, was a quit-claim

deed. The other facts of the case are sufficiently stated in the opinion of the court.

*E. Mariner*, for appellant.

*James S. Brown*, for respondent.

November 19. *By the Court*, COLE, J. The objection taken by the counsel for the respondent, that there is no bill of exceptions or case made containing the testimony offered on the trial, is valid to prevent us from considering any questions which do not arise upon the record and pleadings. If certain matters are admitted by the pleadings or found as facts by the court, we suppose we can then look at the judgment to see if it is supported by the pleadings and finding. And this we must do, although there is no exception to the finding of the court, because it is an error patent upon the record, and needs no bill of exceptions or case to bring it before this court for review. But if there is no bill of exceptions or case made, containing the evidence with exceptions taken on the trial, and no exceptions taken to the finding of the court or conclusions of law, we can then only look into the case far enough to see that the judgment is sustained by the pleadings and the finding of the court. If not so sustained, it must be reversed.

In the present case the answer admits that Walker, on the 15th of November, 1842, and before he derived title from the United States, conveyed to Martin lot 8 in block 34, on the east side of Milwaukee river, or so much of said lot as lies in the northeast quarter of section thirty-two, &c. It further admits that Walker, on the 10th day of May, 1849, conveyed to Baker and the appellant an equal undivided one half of lot ten in the northeast quarter of section thirty-two, &c., excepting what may have been conveyed (if any) to Martin; and the answer states that the pieces of land of which partition is sought, are a part and parcel of lot 10, and that the said deed is the only one through which the appellant derived title, &c., to the premises. It then goes on to state and aver that, by a subsequent conveyance from Walker, the respondent became possessed of and still owned the piece conveyed to Martin, and submitted to a decree of par-

tition after the rights of the parties should be determined.

The circuit judge filed his decision in writing, stating that it was conceded that Martin conveyed to the respondent, and that Baker re-conveyed to Walker before the latter conveyed to the respondent; that he found that Walker, while the title to the whole of the premises was in the United States, executed to Martin the deed of Nov. 15, 1842 ; that it did not appear when Walker obtained his patent to the premises; that he found a copy of the deed made by him to the appellant and Baker among the proofs, dated May 10, 1849, and he assumed that this conveyance was made after Walker had obtained title from the government. He then stated that it was conceded that Walker, on the 8th of January, 1850, conveyed all his interest in the premises to the respondent. The circuit judge then proceeds to state his conclusions as to the legal effect of these several conveyances, holding that they showed that the appellant had no interest whatever in lot 8, block 34, but owned one-fourth of the other lots named in the bill, and ordered judgment of partition accordingly.

Now the question arises : Did the circuit court put a proper construction upon the several conveyances admitted in the pleadings to have been made, and which conveyances appeared among the proofs, when he held that the appellant had no title to lot 8, and gave judgment of partition upon that idea ? If the construction placed upon the conveyances is erroneous, then the judgment is not supported by the finding of facts, and the admissions in the pleadings. And this question, it appears to us, arises upon the record, and must be considered, although there is no exception to the finding. Of course, in this case, the finding of the court upon the facts, and the admissions in the pleadings, are conclusive upon us as to what those conveyances contained. We have only to determine whether the circuit court put a proper construction upon them as they are set forth upon the record ; for if it did not, the judgment is erroneous, for the reason already stated, that it is not supported by the finding of facts and the admissions of the parties.

The circuit court held that the granting part of the deed from Walker to the appellant and Baker of the one undivided half of lot 10, was good to convey to that extent unless controlled by the exception therein contained ; and he thought it was so controlled, and that lot 8 was not conveyed by that deed. The exception is in the words, " excepting therefrom so much of said described premises as may have heretofore been conveyed (if any) by the said party of the first part to Morgan L. Martin, of Green Bay." What construction is to be placed upon this language? On the one hand it is contended that the manifest object and intent of the deed from Walker to the appellant and Baker, was to convey all of lot 10, unless a portion of it, namely lot 8, had been previously conveyed to Martin; and if it had been so conveyed, then it was to be excepted from the subsequent conveyance ; that the doubt expressed in the reference to the deed of 1842, was as to the legal effect of that conveyance upon the title which Walker then had or ever was seized of in lot 8 ; and if that deed, for any reason, conveyed no interest to Martin, then all of lot 10 was intended to be embraced in the deed of 1849. On the other side it is insisted, that the second conveyance made by Walker was subject to the former conveyance ; that he, being about to convey a large piece and wishing to except a smaller, refers to a former deed for a description instead of describing the excepted piece again in this deed ; and therefore, that the language used in the exception relates not to the legal effect of that deed, but to the description of the land therein contained. We are of the opinion that the former construction of the language of the exception is the correct one, and we have come to this conclusion mainly from the force which must be given to the words " if any," used in the exception. It is a familiar rule in the construction of deeds, that every part of the language ought, if possible, to take effect, and every word to operate. This being so, what effect can be given to the words " if any," by holding that the reference to the deed of 1842 was for the purpose of describing the excepted piece, and not to the effect of that deed ? Walker well knew that he had attempted to convey lot 8 (being a portion of lot 10)

June Term,
1860.

to Martin, and that at the time the title was in the United States. Whether he had conveyed it or given any title to it, depended entirely upon the effect in law which that deed thus executed was to have. If that deed conveyed no title to lot 8, then lot 8 was embraced in the subsequent conveyance. If it did give a good title to lot 8, then he had no estate in that lot to convey by the subsequent deed. "Excepting therefrom so much of said described premises as may have heretofore been conveyed (*if any*) by said party of the first part," &c.; as if the language had been, "If any of the above described premises have heretofore been conveyed by the party of the first part to Martin, then such part conveyed is excepted from this deed, and the covenants herein will not apply to the part thus conveyed;" thus making the exception relate to the title to lot 8 conveyed in Martin's deed. If his deed to Martin gave a good title to that lot, Walker did not intend to attempt to convey it again, and render himself liable on his covenants of warranty, on failure of title *pro tanto*. This, it appears to us, is the construction which must be placed upon the exception contained in the deed to the appellant and Baker; otherwise, the words "if any," have no effect given to them. For this reason, we conclude that the judgment of partition is not supported by the admission of the parties in the pleadings and the finding of the court, and therefore is erroneous.

The judgment of the circuit court is reversed.