INHABITANTS OF ELLSWORTH *versus* INHABITANTS OF HOULTON.

Not only the expenses incurred by a town for the support of a pauper there residing, but also the expenses incurred in burying him at his death, are recoverable of the town in which he had a legal settlement, if the requirements of the statute have been complied with.

A town, liable for expenses for the support of a pauper, when incurred, is not relieved from its liability by reason of the death of the pauper.   It is immaterial why there was no removal; whether from sickness, death or other sufficient cause.

The statute which provides that the notice shall contain a request to remove the pauper, could not have been intended to apply to a case, where the death and burial of the pauper had occurred, before the time allowed to give the notice had elapsed, and the notice had been actually given.

Nor is the notice insufficient for the want of the date, if it be in all other respects regular and sufficient, it being proved that it arrived at the post-office in the town chargeable, before the expiration of the three months from the time the supplies were furnished and the funeral expenses paid.

Ellsworth *v.* Houlton.

The statute requires that the overseers of the poor, thus notified, shall, within two months, return a written answer, stating their objections to the removal of the pauper, if he has not been removed. The town giving notice was entitled to know whether the pauper's settlement was admitted or contested; and the notice should have been answered, though it contained no request for his removal.

No answer having been given, the town thus notified is, by the statute, estopped from contesting the settlement of the pauper in that town, in a suit brought to recover the expenses previously incurred for his support and funeral.

REPORTED by RICE, J.

This was an action to recover the sum of $32, for supplies furnished and expenses paid on account of one *James Cox,* a pauper, whose settlement is alleged to be in the defendant town.

It is admitted that said Cox was a pauper, and that the plaintiffs furnished supplies and paid for his funeral expenses to the amount charged.

The plaintiffs introduced a notice addressed to the overseers of the poor of Houlton, without any date, and is as follows:—

" You are hereby notified that James Cox, aged about fifty years, who had his legal settlement in your town, has been chargeable in this town as a pauper, and we have been providing for him at your expense.

" Mr. Cox was taken sick in this town, in March last, and died on the 6th of April, inst. The expense, on account of his sickness and funeral, amounts to about thirty dollars and eight cents, which you are requested to forward at your earliest convenience. " L. D. Jordan, ⎰ *Overseers of Poor,* ⎱ *Ellsworth.*"

It appeared from the certificate of the postmaster at Ellsworth, that the letter was received and registered April 10, 1860, and, from a certificate of the postmaster at Houlton, of the (registered) letter.

If, upon the case as reported, the plaintiffs, in the opinion of the Court, can maintain the action, the defendants are to be defaulted; otherwise the action is to stand for trial.

*A. Wiswell*, for the plaintiffs.

By § 24, c. 24, R. S., towns are required to relieve persons found destitute, and having no settlement therein, and, in case of decease, decently bury them, the expenses whereof to be recovered of the town liable.

This was done by plaintiff town, and due notice was given to the defendants, which they neglected to answer. Are the defendants, by such neglect estopped to deny the settlement of the pauper ?

The notice given was in compliance with § 27 of said chapter, but no request was made for the removal of said pauper, he being at the time dead and buried.

By § 28, of the same chapter, in case of neglect to answer said notice within two months, the town is estopped to deny the settlement, "in an action brought to recover for the expenses incurred for his previous support and for his *removal.*"

Since towns are obliged to relieve destitute persons and, in case of decease, bury them, the framers of the statute evidently intended to give towns an adequate remedy for the recovery of such expenses as they were obliged to incur, including *burial* and all legitimate expenses, incurred within three months next before giving notice.

The neglect to answer the notice, is made by the statute a peremptory bar to the denial of the settlement. This should be so ; as, in this case, unless the defendants are estopped from denying the settlement of the pauper, the plaintiffs have lost all remedy on any other town where his legal settlement may have been, by neglecting to give notice to such other town.

Our statute is similar to the Massachusetts statute in force when the case of *Topsham* v. *Harpswell*, 1 Mass., 518, was decided. By neglecting to answer the notice, the defendants impliedly acknowledged the settlement of the pauper to be in their town, and should be holden for all legal charges.

*A. F. Drinkwater*, for the defendants.

The plaintiffs rely, not upon evidence that the pauper's settlement was in the defendant town, but upon the alleged fact,

that their notice to the defendants was not answered, and that therefore they are estopped by the statute, in this action, from denying his settlement.

The notice was insufficient;—(1,) Because it is without date;—(2,) It is signed "L. D. Jordan, Overseers of Poor, Ellsworth." No such authorities are known in the statutes; nor does the case find that Jordan was one of the overseers of the poor of Ellsworth.

Section 28, of c. 24, creates an estoppel, when the facts and circumstances exist, contemplated by §§ 27 and 28 of that chapter, viz.:—(1,) That the person has actually become chargeable as a pauper, is living at the time of notice, and liable to removal. (2,) A request to remove him. (3,) Neglect to return, within two months, a written answer, stating the objections to his removal.

The notice contained no request to remove the pauper, as required by statute. But it notifies the defendants that the pauper was dead and buried—that he required no further assistance—and that his removal had already been effected. It was, at most, only a request for reimbursement of the expenses incurred in the support and burial of the pauper.

As the notice contained no request to remove, defendants cannot be held to return a written answer stating their objections to removal.

What was there in the notice which required an answer? The statute *requires*, that the answer shall be simply a statement of objections to removal, and nothing else. Such an answer, in this case, would have been absurd. Would plaintiffs have been benefitted by it? And are they injured by a neglect to return it? The harsh doctrine of estoppel, therefore, should not be applied to defendants for neglect to perform an idle and senseless act.

So severe and unjust has been the operation of this statutory bar, that Courts in Massachusetts and this State have restricted its application. *Leicester* v. *Rehoboth*, 4 Mass., 180, and *Turner* v. *Brunswick*, 5 Greenl. 31.

The case of *Topsham* v. *Harpswell*, 1 Mass., 518, relied on

by plaintiffs' counsel, is widely different from this.    All the preliminaries necessary to create the estoppel are there found.

The point there decided was, that a plaintiff town could recover for the support and *burial* of a pauper, which we have admitted.    The point here raised is that, without a living pauper and a request to remove, no obligation to answer arises, and consequently no estoppel.

The opinion of the Court was drawn up by

APPLETON, J.—This action is brought to recover the expenses of the last sickness and burial of one James Cox, incurred within three months before the notice required by R. S., 1857, c. 24, § 27, was given.

(1.) Paupers, while living, are supported, and, when dead, are buried at the public charge.    It is the duty of the overseers of the poor to relieve those falling in distress and, in case of their death, to bury them.    When these expenses are incurred at a place other than that of the pauper's settlement, they may be recovered after due notice of the town where his settlement is.

By c. 24, § 24, " overseers are to relieve persons destitute, found in their towns and having no settlement therein, and, in case of decease, decently bury them ; the expenses whereof, *and of their removal*, incurred within three months before notice given to the town chargeable, may be recovered by the town incurring them against the town liable, in an action commenced within two years after the cause of action accrued, and not otherwise," &c.

If the expenses of removal are not incurred, it is obvious they cannot be recovered.    They are additional to other expenses, only, when incurred.    The expenses of support may be incurred and those of removal not.    Unless there be a removal there can be no expenses of removal.    But, because there is no removal, the town chargeable is not to be exonerated from the payment of other expenses, properly incurred, and of which due notice has been given.    It is immaterial why there was no removal — whether from sickness, death or other

sufficient cause. The preceding expenses are none the less incurred, and, being incurred, are none the less due. It was the duty of the overseers to incur the expenses in question, and it is the intention of the statute that the town, where the settlement of the pauper is, shall remunerate the town where his settlement is not, for expenditures properly made.

The plaintiff town were bound by the statute to make the expenditures, for the repayment of which this action is brought. A town liable for expenses for the support of a pauper, when incurred, is not relieved from its liability because of the decease of the pauper, before his removal. The town not chargeable is not to have these expenses imposed upon it because, by the act of God, the removal of the pauper became impossible.

(2.) It is urged that the notice given is insufficient, because it contains no request for the removal of the pauper.

By R. S., 1857, c. 24, § 27, "overseers are to send a written notice, signed by *one* or more of them, *stating the facts* respecting a person chargeable in their town, to overseers of the town where his settlement is alleged to be, *requesting them to ·remove him,* which they may do by a written order directed to a person named therein, who is authorized to do it."

The expenses of support and burial had been rightfully incurred. If death and burial had intervened before notice was given, the removal had ceased to be necessary or proper. As the removal was thus improper and unnecessary, a request to remove would be absurd and supererogatory. The notice given stated all the facts. It did not request a removal, because no removal was desired, and if none was desired, it would be absurd to require a request to do what was not wanted to be done.

(3.) All that is required of a notice is, that it should be so clear and precise, as to the persons charged, and as to the official character of the persons sending the notice, that its purpose and object can be fully understood. It may be sufficient, though not signed by the overseers in their official

character. *York* v. *Penobscot*, 2 Greenl., 1. So, if it be signed by the chairman of the selectmen *eo nomine*. *Garland* v. *Brewer*, 3 Greenl., 197; or by the chairman of the overseers. *Kennebunkport* v. *Buxton*, 26 Maine, 61; *Cutler* v. *Maker*, 41 Maine, 594. So if it be signed by one overseer in behalf of all. *Dover* v. *Deer Isle*, 45 Maine, 169. The statute requires only the signature of one overseer, and that the report shows to be the case with the notice sent.

(4.) The notice was not dated. But the evidence shows when it was placed by the plaintiffs in the post office of their town for transmission, and when it was received at the post office of the defendant town. The supplies were furnished and the funeral expenses paid within the three months prior to the time when the notice reached Houlton. The most favorable date for the defendants would be the day on which the letter reached their town and was or might have been received by them. But if that were to be regarded, the notice was seasonable. The letter, too, would show when it was mailed. The notice, whether the day when mailed at Ellsworth and the postage paid, or when received at Houlton, is to be deemed its date, was in sufficient season. c. 24, § 29.

(5.) A notice "*stating the facts* respecting a person (the pauper) chargeable in their town," but omitting the request "to remove him," was sent to the defendant town. The death of the pauper had rendered the request for removal no longer necessary or proper. The notice given, we have seen, was sufficient to charge the defendant town with the expenses incurred, within the true intent of § 27.

If the notice given was the one required by § 27, then, by § 28, " overseers receiving *such notice* are, within two months, if the pauper is not removed, to return a written answer, signed by one or more of them, stating their objections to his removal." The defendants need not object to his removal in the present case, because it was not requested, and if requested was not proper. It is insisted that they were not bound to answer. But the statute requires either an answer

or removal. The town notifying were entitled to know whether the settlement of the pauper was admitted or contested. If admitted, they would be relieved of all further inquiry. If contested, they would then ascertain whether to resort to the town notified, or to look elsewhere for remuneration. The defendant town were excused from removing, but not from answering.

Neither removing the pauper, nor returning "a written notice" within two months, the town duly notified "is estopped to deny his settlement therein, in an action brought to recover for the expenses incurred for his previous support and for his removal." The expenses sued for, are those provided for in § 24. The expenses incurred by virtue of the section last referred to, are those of which notice is to be given by § 27. When notice is thus given, if neither removal of the pauper, when requested, is made, nor answer given, the town notified is estopped from contesting the settlement of the pauper in their town, in a suit brought for such expenses previously incurred.

The cases cited are not at variance with these results. In *Turner* v. *Brunswick*, 5 Greenl., 31, it was held that the estoppel, created by the neglect to answer, does not apply to cases where the settlement can be shown to be in the town giving notice. The defendants might undoubtedly show the settlement of the pauper in the plaintiff town — but that they do not seek to do. In *Leicester* v. *Rehoboth*, 4 Mass., 180, it was held that this estoppel, from neglect, did not apply as to subsequent expenses. Where the defendants had, when notified, paid the amount claimed, they were allowed, in another suit for *after expenses*, to contest the settlement. The estoppel, by the express words of the 'statute, is limited to an action "for the expenses incurred *for his previous support.*" It does not affect *after expenses.*          *Defendants defaulted.*

TENNEY, C. J., RICE, CUTTING, MAY and KENT, JJ., concurred.