## TOWN OF WESTFIELD VS. THE COUNTY OF SAUK.

Where, in a trial by the court alone, no exception is properly taken to the conclusions of law or finding of facts, this court will still reverse the judgment if not sustained by the facts found or admitted.

Under the statutes of this state (R. S., ch. 34, secs. 20, 21), where a person becomes sick or disabled in any town in which he has no legal settlement, not having money or property to pay his board, attendance, or medical aid, the expenses properly incurred by the supervisors of such town for his relief and maintenance may be recovered from the town (if any) in which such person had at the time a legal settlement, or from the county in which the town rendering such relief is situated.

Whether the county, after indemnifying the town furnishing such relief, can recover the amount from the town in which such pauper had a legal settlement, is not here decided.

APPEAL from the Circuit Court for *Sauk* County.

On the 1st of July, 1860, one Armstrong became disabled in the town of *Westfield*, in *Sauk* county, having no means with which to support himself or to pay for board, or necessary aid or medical attendance. Complaint having been duly made to the supervisors of said town, they expended $100.50 in necessary care, support and medical attendance for said Armstrong. At the time of his so becoming disabled, Armstrong had a legal settlement in the town of Reedsburg in *Sauk* county. The town of *Westfield* duly notified the town of Reedsburg of the fact that he had become so chargeable to the former, and requested the latter town to take charge of him. After expending the sum above mentioned, the town of *Westfield* did not apply to the town of Reedsburg for repayment thereof by presenting an account duly verified for allowance, but did present such account and claim to the board of supervisors of said county of *Sauk*, together with due proof that the expenses so incurred had never been reimbursed by the town of Reedsburg. The county board disallowed the claim. An appeal was taken to the circuit court of said county, and upon a finding of facts substantially as above stated, the court held that the expenses so incurred by the plaintiff

were not a legal charge against the county, and rendered judg-ment accordingly. Two days afterwards the plaintiff filed a written exception to the conclusion of law, and appealed from the judgment. No bill of exceptions was settled and signed by the judge.

*Mackey & Lusk,* for appellant.

*S. S. Barlow* and *C. C. Remington,* for respondent.

*By the Court,* COLE, J. It is claimed that the record does not show that an exception was taken to the decision of the court that upon the facts found the county was not liable. If there were no exceptions, we would be bound to look into the record, to see if the judgment was sustained by the finding. *Blossom v. Ferguson,* 13 Wis., 75. For this purpose no bill of exceptions is necessary. Was then the judgment correct upon the facts found or admitted ? We think not.

It must be assumed that Armstrong became disabled in the town of *Westfield,* in the county of *Sauk,* having no means of support or money to pay for necessary care and medical attendance. He had no legal settlement in that town, but had such settlement in the town of Reedsburg. On complaint being made, the supervisors of *Westfield* expended the money claimed in this action, for the relief of Armstrong, and have not been paid such expense either by the town of Reedsburg or the county. Is the county liable to reimburse the town of *Westfield* for these expenditures, or must that town look to Reedsburg alone, where Armstrong had a legal settlement ? This depends upon the special provisions of our statute for the relief and support of the poor.

It is a very obvious feature or principle of our statute upon this subject, to make every town primarily and absolutely liable for the relief and support of all poor and indigent persons lawfully settled therein. This is particularly manifest from the language used in sections 1 and 24, chap. 34, and hardly less apparent from some other sections of that chapter. But not-

withstanding this leading characteristic of the statute, the legislature thought best to make still further provision for the relief of a particular class of cases, where not only the town in which the indigent person had a legal settlement should be liable, but likewise the county itself should be liable to a town relieving any non-resident stranger or other person suddenly taken ill or becoming disabled therein, as in the present case. Hence sections 20 and 21 were enacted. By section 20 it is provided, that when any non-resident stranger, or any other person, shall be taken sick, lame or become otherwise disabled in any town in this state, having no legal settlement therein, and not having money or property to pay his board, attendance, or medical aid, it shall be the duty of the supervisors of such town, on complaint being made, to give such assistance to such poor person as they may deem just and necessary. "If any such poor person shall not have a legal settlement in said town, the expenses incurred by the town for his relief or maintenance shall be a charge against the county in which said town is situated, and shall be audited by the county board of supervisors, and paid out of the county treasury, unless the town in which such poor person has a legal settlement shall pay the expenses for his relief and maintenance." Sec. 21. The sections just cited evidently relate to cases of emergency, where an indigent person is suddenly taken ill, or meets with an accident, away from home, or in a town where he has no settlement. To secure prompt and certain relief in such a case, the town authorities where such person is, are required to furnish assistance, and may look to the county for reimbursement. Such town likewise has its remedy against the town where the indigent person has a settlement, by virtue of section 24; and can make that remedy available by taking the steps required by the subsequent sections. But it has its election to look to the county or pursue its remedy against the town. In case of non-residents, the county alone would be liable. And in case the indigent person had a legal settlement

in any town in this state, such town would be liable to the town furnishing the aid, and the latter town also has another, a cumulative remedy against the county. In all cases other than those mentioned in section 20, the county is not liable, but the town furnishing the relief must pursue its remedy according to the statute against the town in which the pauper had his settlement. It is suggested that if the county indemnifies the town furnishing the assistance to the pauper, it ought to have its remedy over against the town where such pauper has a settlement. We do not wish to be understood as deciding anything adverse to this proposition. Whether, indeed, in the case supposed, the county would have a cause of action for money paid out and expended for the use of the town in which the indigent person has a settlement, is not a question now before us. It would not however seem to be announcing any very novel principle of law, or anything inconsistent with the views above expressed, to hold that the county would have a good cause of action in that case against the town, which is rendered liable by statute to support its poor. But that matter is not before us, and therefore we refrain from further remarks upon the point.

We are clearly of the opinion that, upon the finding in this cause, judgment should have been given in favor of the town of *Westfield* for the sum which it had expended for the relief of Armstrong, and costs of suit.

The judgment of the circuit court is therefore reversed, and the cause remanded for a new trial.