THE SUPERINTENDENTS OF THE POOR OF DANE COUNTY
vs. THE SUPERINTENDENTS OF THE POOR' OF SAUK
COUNTY.

CAUSE OF ACTION: SUPPORT OF THE POOR: RESIDENCE. (1, 2) *When
and against whom county superintents of the poor may recover for support
of a pauper who has not acquired a settlement in their county.*
CONSTITUTIONAL LAW. *Two systems for support of the poor; ch. 34, R. S.;
its constitutionality not decided.*

1. Under ch. 34, R. S., the superintendents of the poor of a county which
has adopted the " county system " of pauper support, cannot recover
from the superintendents of the poor of another county which has
adopted the same system, the expense of supporting a pauper who had
removed from the latter county into the former, unless, at the time of
such removal, the pauper had acquired a settlement in some *town* of
the latter county.
2. By the terms of said chapter, *it seems* that where a pauper who has ac-
quired a settlement in some town of one county removes to another
county, which has adopted the " county system," and, before acquir-
ing a new settlement in any town thereof, is supported by the super-
intendents of the poor therein, the latter county may recover the
amount so legally expended; and that the action therefor will lie
against the former county, if the " county system " was there in force,
and, if otherwise, against *the town* where such pauper had his settle-
ment.
3. Whether said ch. 34, so far as it provides two different systems for the
support of paupers, and gives an option between them to the several
counties, is in violation of sec. 23, art. IV of the state constitution
(which requires the legislature to establish " but one system of town
and county government, which shall be as nearly uniform as practic-
able "), is not here decided.

APPEAL from the Circuit Court for *Sauk* County.

This action was brought to recover the amount of certain ex-
penses incurred by the appellants in relieving an indigent per-
son, for which it is claimed the respondents are liable.  The
complaint avers that both Dane and Sauk counties had thereto-
fore adopted the county system for the support of the poor, pur-
suant to ch. 34, R. S.  The material averments of the com-

plaint in respect to the liability of the respondents, are as
follows :

"That heretofore, to wit, on or about the 17th day of Jan-
uary, 1873, one Charles Wilson, a person of full age, had re-
sided in said county of Sauk one full year and upwards, and
then had a legal settlement therein, and as a poor person was
properly chargeable thereto, and then had no legal settlement
in Dane county, nor in any town, city or village therein, and,
on or about the day last aforesaid, was a poor person and sick
and disabled and had no money nor property to pay his board,
necessary attendance and medical aid, and was entitled to the
same as a poor person from the county of Sauk and from its
proper superintendents of the poor, and, being in said condition
and so chargeable to Sauk county, came and removed into
Dane county and to the city of Madison therein, and there be-
ing, complaint in his behalf was made to the said superinten-
dents of the poor of said county on or about the 15th day of Jan-
uary, 1873, and thereupon, as required by law, they gave him
such assistance as they deemed just and necessary, and furnished
such board, attendance and medical treatment as his circum-
stances required, out of and with the funds of said county for
the support of the poor, and as such officers."

The defendants demurred to the complaint on the ground
that it does not state facts sufficient to constitute a cause of
action ; and the plaintiffs appealed from an order sustaining
the demurrer.

*Vilas & Bryant*, for appellants, analyzed the statutes relating
to the support of the poor (Tay. Stats., 716–724), and contend-
ed that the legislature, after providing a complete system for
their support by the several towns, including, as a necessary
part of such a system, rules defining *town* settlements, authorized
counties which might elect so to do, to substitute for this a
county system, in which "all distinction between town and coun-
ty poor" should be abolished ; and that the legislative design
was, that wherever this latter system should be adopted, all the

provisions relating to towns should be applied, *mutatis mutandis*, to the county, and, among other things, that in such counties town settlements should be superseded entirely by county settlements.   2. That the averment in the complaint, that the pauper had " a legal settlement " in Sauk county, and "as a poor person was properly chargeable thereto," is one of mixed law and fact, and, as it follows substantially the language of the statute (Tay. Stats., 716, § 1), should be treated as an allegation of fact, and is sufficient even if residence for a year in a particular town of Sauk county be required.   Stephens' Pl., 192, 193 ; *Decker v. Mathews*, 12 N. Y., 313 ; *Iowa Co. Sup'rs v. R. R. Co.*, 24 Wis., 93 ; *Morse v. Gilman*, 16 id., 504 ; *Jarvis v. Hamilton*, id., 574.   3. That the action would lie without any presentation of the account to the supervisors of Sauk county for allowance.   *City of La Crosse v. Town of Melrose*, 22 Wis., 459 ; Tay. Stats., 721–2, §§ 27–29.

*John Barker*, District Attorney, with *J. W. Lusk* of counsel, for respondents, contended, 1. That the allegation that the pauper had resided for one year in Sauk county, without any averment that he had resided for that period in any particular *town* of said county, did not show that he had acquired a legal settlement therein; and the further averments on that subject were bad, being of mere conclusions of law.   2. That the complaint was insufficient because it did not aver that the claim sued upon had been presented to the board of supervisors of Sauk county for allowance.   R. S., ch. 13, sec. 42 ; ch. 5, sec. 1, subd. 12 ; *Savage v. Sup'rs*, 10 Wis., 53 ; *Sup'rs Jackson Co. v. Sup'rs La Crosse Co.*, 13 id., 490.

LYON, J.   Chapter 34, R. S., provides two methods for the relief and support of the poor.   The primary method (which may be called the town system) is that each town "shall relieve and support all poor and indigent persons lawfully settled therein, whenever they shall stand in need thereof" (sec. 1); and that a town, by its supervisors, shall also, in the first in-

stance, render assistance when necessary to any indigent person therein who has no legal settlement in such town.  But the expense of relieving such unsettled person is a county charge. Secs. 20 and 21.  Certain special cases are provided for in secs. 23 to 27 inclusive.  The statute thus makes two classes of indigent persons.  The first class includes those who have a legal settlement in some town, and the second class those who have not; the support of the former being a town charge, and of the latter a county charge.  The provisions of the statute in respect to pauper settlements, applicable to the case, is found in sec. 2, subd. 4, and is as follows: "Every person of full age who shall have resided in any town in this state one whole year, shall thereby gain a settlement in such town."

The other method is prescribed in the same chapter, secs. 32 to 39 inclusive; is entitled "of the support of the poor by counties;" and may be denominated the county system.  Sec. 32 authorizes the board of supervisors of any county to "abolish all distinction between county poor and town poor in such county, and have the expense of maintaining all the poor therein a county charge."  The remaining sections last above cited provide for the election of superintendents of the poor, and prescribe their powers and duties, but contain no provision on the subject of pauper settlements.

Sec. 37, in general terms, confers upon such superintendents the powers, and imposes upon them the duties, of town supervisors as officers of the poor under the town system.  Probably this provision gives the superintendents an action against a town in another county where the town system prevails, for the expense of relieving an indigent person having a legal settlement in such town; or if the county system is in operation therein, then against such other county.  But the learned counsel for the appellant, with much ingenuity of argument, maintain that the effect of abolishing the distinction between county poor and town poor is to modify the law of pauper settlements, so that a residence in the county at large for one year (although

not in any one town for that time) gives a legal settlement in the county, and makes the county liable in a proper case for the support of a person having such settlement therein, just as the same residence in a town, where the distinction is not abolished, constitutes a legal settlement in the town and renders it so liable.

It is apparent that had Wilson come into Dane county from a county in which the town system of supporting the poor is in operation, no action for the expenses of relieving him could be maintained against such county; and none could be maintained against any town therein without averment and proof that he had a legal settlement in such town. So, if the position of appellants' counsel be correct, it comes to this: the respondents are liable for the expenses incurred by the appellants in relieving Wilson because in Sauk county the distinction between county poor and town poor has been abolished; whereas, had Wilson come into Dane county from a county in which such distiction has not been abolished — all other circumstances being the same, — the appellants would be remediless. If this were so, it would be a very grave question whether a statute which might operate so unequally in different towns and counties does not violate that provision of our constitution which ordains that " the legislature shall establish but one system of town and county government, which shall be as nearly uniform as practicable." Art. IV, sec. 23.

But we are of the opinion that the position of appellants' counsel is untenable. We find no provision in the statute for *county* settlements, but only for *town* settlements; and settlement of some character is certainly a prerequisite, without which neither a town or county can be held liable over for the expense of relieving a pauper. The abolishing of the distinction between county poor and town poor relates only to the mode of maintaining them. That which was a town charge becomes thereby a county charge. This, we think, is the only additional burden which the change of system imposes upon

the county.    When  the  distinction  between  county poor and town poor was abolished in  Sauk county, the liability of each town therein for the support of the poor was assumed by .the county;   and  it  assumed  no  other  or  greater  liability.    If, therefore, under  the  town  system, no  town  in  Sauk county would have been liable over to  Dane county for the relief furnished to Wilson, Sauk 'county is not liable therefor under the county system.    The  complaint fails to state facts showing that any town in that county would  be so  liable, did the town system prevail there, and from  the foregoing views (if they be correct) it necessarily  follows  that  it  fails  to state a cause of action against the county, and  that  the  demurrer  thereto was properly sustained.

Because it is most favorable 'to the  appellant, against whom our judgment goes, we have  assumed  for the purposes of this case that the statute  conferring · upon  county boards of supervisors power to abolish in their respective counties the distinction between county poor and  town  poor does not disturb the uniformity of the system of town and county government to an extent forbidden  by  the  constitution.    It  must be understood, however, that we do not  here  pass  upon the validity of that statute.

*By the Court.* — Order affirmed.