Milwaukee County vs. The City of Sheboygan.

MILWAUKEE COUNTY, Appellant, vs. THE CITY OF SHEBOYGAN, Respondent.

*September 5 — September 22, 1896.*

*Poor laws: Immediate, temporary relief: Support of pauper: Recovery against town of legal settlement: Pleading: Notice: Waiver.*

1. Sec. 1512, R. S., is intended to provide for immediate relief in case of sudden emergency, without regard to whether the person relieved is a pauper, strictly so called, or not.
2. In all cases of relief under sec. 1512, R. S., the county, after having paid the expense incurred by the town, may recover the same by

action against the town where the person relieved has a legal settlement, without reference to the procedure provided for in secs. 1513, 1514.

3. A complaint alleging that a person relieved by the plaintiff county had a legal settlement in the defendant city for pauper support when he removed to said county; that he was sick, weak, lame, and otherwise disabled, and did not have any money or property to pay his board, etc., at the time of such removal; that he was provided for as a pauper by the plaintiff for a period of over five years, and was then turned over to the defendant as a pauper, and received as such by its superintendent of the poor,— is *held* not to show one of the special cases requiring immediate, temporary relief under sec. 1512, R. S., but the case of a nonresident pauper supported as such, so that in order to recover for such support the plaintiff must have followed the procedure prescribed by secs. 1513, 1514.

4. The reception of such pauper as a public charge by the defendant city before the commencement of the action was not a waiver of the notice provided for in sec. 1513, R. S., though probably it rendered unnecessary the request to remove.

APPEAL from an order of the circuit court for Fond du Lac county: N. S. GILSON, Circuit Judge. *Affirmed.*

The allegations of the complaint are to the effect that in June, 1887, William Giese had a legal settlement in the city of *Sheboygan.* At that time he removed to the city of Milwaukee. He was sick, weak, lame, and otherwise disabled at the time of such removal, and was found in that condition in the county of *Milwaukee,* not having money or property to pay his board, attendance, or medical aid. Such county had the county system for the support and maintenance of the poor. Such person, by reason of the facts stated, was taken in charge by the proper authorities of such county, and was supported by it, and treated at the Milwaukee Hospital from June, 1887, to August 3, 1892, as a pauper, at which time he was returned to the city of *Sheboygan* as such, and there so received from plaintiff by the superintendent of the poor of such city. Thereafter, on the 3d day of February, 1893, plaintiff presented to the common

council of said city a verified claim for the expenses incurred by *Milwaukee* county in supporting and treating such poor person during the period mentioned. The claim was disallowed April 17, 1893. Thereafter this action was commenced to recover the amount of such claim, and, in the complaint, facts were alleged as herein set forth. Defendant demurred to the complaint, on the ground that it does not state facts sufficient to constitute a cause of action. The demurrer was sustained, and plaintiff appealed.

The cause was submitted for the appellant on the brief of *A. C. Brazee*, district attorney, and for the respondent on that of *C. H. Maynard*, city attorney.

MARSHALL, J.    Sec. 1501, R. S., provides that the supervisors in each town shall have the oversight and care of all poor persons in their towns so long as they remain a town charge, and shall see that they are properly relieved and taken care of in the manner required in subsequent sections.

Sec. 1512, R. S., provides that "when any person, not a resident nor having a legal settlement therein, shall be taken sick, lame, or otherwise disabled, in any town, and shall not have money or property to pay his board, attendance and medical aid, the supervisors shall provide such assistance to such poor person as they may deem just and necessary, and if he shall die, they shall give him a decent burial." It further provides that the county shall reimburse the town, and that such county may recover therefor against the town in which the person so relieved has a legal settlement.

Sec. 1513 provides that "if any poor person shall become a charge for his support to any town, having no legal settlement therein, the town in which he may have a legal settlement shall be liable for his support. The supervisors of the town furnishing relief or support to any such poor person may give notice to the supervisors, or any one of them, of the town liable for his support, informing such

supervisors thereof, and requiring them forthwith to take charge of such poor person."

Sec. 1514 provides that the supervisors, when so notified, shall remove such poor person to their own town, and pay the expenses incurred in giving the notice and in maintaining such poor person from the time of his becoming a charge to the town giving the notice, within thirty days, and, on failure so to do, that such town receiving such notice shall be liable for such expenses, and all expenses of maintaining such poor person therein, incurred by such town. It also provides that, within thirty days, the town receiving such notice may, in writing, traverse the allegations contained therein, by serving a written denial on one of the supervisors giving such notice, in which case the time for bringing an action against such town is limited to three months.

The complaint does not show compliance with sec. 1513 in respect to giving notice to the respondent; hence the trial court sustained the demurrer. It follows that the question whether such section applies to this case, and, if so, whether the fact that the person relieved was, in the end, turned over to and received by the respondent as a public charge, operated to obviate the necessity for such notice.

It is claimed on the part of the appellant that the case arose under sec. 1512, and that in such cases no notice is required. Prior to the revision of 1878, what is now sec. 1512 was contained in secs. 20, 21, ch. 34, R. S. 1858. Originally it was sec. 6 of the act for the relief of the poor (Laws of 1837-8, No. 22, p. 178), which then provided for the relief of "any nonresident, or any other person, not coming within the definition of a pauper," who "shall fall sick in any county . . . , not having money or property to pay for his board." By the revision of 1849 this was changed somewhat in phraseology, but not in meaning, so as to read "any nonresident stranger, or any other person." This was incorporated in the revision of 1858 without change. By the

revision of 1878 the language was slightly changed, so as to provide for the relief of "any person not a resident," etc. From first to last, the obvious purpose has been to provide for immediate relief in cases of sudden emergency, where a person is suddenly taken sick, or becomes disabled in any way, while in a town other than that wherein he has a legal settlement, without money or property to provide for his immediate wants, and without regard to whether he is a pauper, strictly so called, or not. As the statutes stood in 1858, sec. 21, ch. 34, provided that the town incurring expense in the cases mentioned should be reimbursed therefor by the county in which it was located, unless paid by the town in which the person relieved had a legal settlement; and there was no provision for recovery by the county of the latter town. What are now secs. 1513 and 1514 were then secs. 24 to 27, inclusive, of such ch. 34; and this court decided that the town primarily liable had a remedy to recover the expenses incurred of the county in which it was located, also a remedy to recover of the town where the person relieved had a legal settlement, by following the procedure now prescribed in secs. 1513 and 1514. *Westfield v. Sauk Co.* 18 Wis. 624. In the new section the clause with reference to reimbursement of the town primarily liable, by the town liable by reason of the legal settlement, is omitted, and a clause is added as follows: "And the amount so paid by any county may be recovered by it in an action against the town in which such person so relieved has a legal settlement." It is quite clear that this change was made in order that, in all cases of relief under sec. 1512, the county, after having paid the expenses incurred by the town, may recover the same by action against the town where the person relieved has a legal settlement, without reference to the procedure provided for in secs. 1513 and 1514.

It follows from the foregoing that we must determine

whether the complaint shows that the case set forth in the complaint comes under sec. 1512 or not.

It is alleged in the complaint that the person relieved had a legal settlement in the city of *Sheboygan* for pauper support, when he removed into the county of *Milwaukee;* that he was sick, weak, and lame, and otherwise disabled, and did not have any money or property to pay his board, etc., at the time of such removal; that he was provided for as a pauper from July 3, 1887, till August 3, 1892, a period of over five years; that he was then turned over to the city of *Sheboygan*, respondent, as a pauper, and received as such by its superintendent of the poor. While the words "not having any money or property to pay his board, attendance or medical aid" are used in the complaint as in a case under sec. 1512, the allegations, taken together, clearly show a case of a nonresident pauper, supported as such, and not one of the special cases requiring immediate temporary relief, under sec. 1512. It follows that, had the county of *Milwaukee* not been operating under the county system for the support of the poor, the city of Milwaukee would have been primarily liable in this case, under sec. 1501, with the right of action to recover the expenses thereby incurred, of the respondent, by following the procedure laid down in secs. 1513 and 1514, which provide for notice to the supervisors, or some one of them, of the town liable for the support of the person relieved, informing such supervisors of the fact and requiring them forthwith to take charge of such person. By the adoption of the county system, the primary liability in such cases in *Milwaukee* county was shifted from the city of Milwaukee to such county; and, as an incident to such liability, the county became entitled to all the remedies theretofore possessed by the city, under the township system. *Superintendents of Poor of Dane Co. v. Superintendents of Poor of Sauk Co.* 38 Wis. 499.

At common law, no remedy over against the town wherein

Milwaukee County vs. The City of Sheboygan.

the person relieved has a legal settlement exists. *Dalton v. Hinsdale*, 6 Mass. 501; *East Sudbury v. Sudbury*, 12 Pick. 5. Hence the statute creating the liability must be strictly construed, and that giving such remedy and prescribing the procedure must be followed. To that effect have been all the decisions of this court on the subject, from *Westfield v. Sauk Co.* 18 Wis. 624, to *Ettrick v. Bangor*, 84 Wis. 256. In the latter case, the court, in the opinion of Mr. Justice WINSLOW, said that the provisions of sec. 1514 govern the remedy.

The law under consideration was adopted in this state from Michigan, and there from Massachusetts, where it existed as early as 1793. In the latter state, before such adoption, it received the judicial construction here adopted. *Needham v. Newton*, 12 Mass. 452; *Dalton v. Hinsdale*, 6 Mass. 501; *Bath v. Freeport*, 5 Mass. 325; *Townsend v. Billerica*, 10 Mass. 411. Such construction has been followed in all other states where the same statute, or one similar, exists (*Ellsworth v. Houlton*, 48 Me. 416; *Cerro Gordo Co. v. Wright Co.* 50 Iowa, 439; *Fox v. Kendall*, 97 Ill. 72); and we are not at liberty to do otherwise, under the rule that, in case of the adoption of a statute by one state from another state that has theretofore received judicial construction in the latter, such construction is binding on the former (*Draper v. Emerson*, 22 Wis. 147; *Westcott v. Miller*, 42 Wis. 454; *Pomeroy v. Pomeroy*, 93 Wis. 262).

The question, whether the fact that the dependent person was received by the respondent, as a public charge, before the commencement of this action, waived the provisions of secs. 1513 and 1514 in regard to the remedy, must be answered in the negative. Probably, the request to remove was unnecessary after the removal had actually taken place. Such was the reasoning of the court in *Ellsworth v. Houlton*, 48 Me. 416. There, before the notice was given, the dependent person died and was buried. The court held

that such death and burial rendered the request to remove unnecessary, but it does not appear that the court considered such facts to in any other way affect the statutory remedy.

*By the Court.*— The order of the circuit court is affirmed, and the cause remanded for further proceedings according to law.