THE CITY OF PLYMOUTH, Appellant, vs. SHEBOYGAN COUNTY, Respondent.

*October 11 — November 22, 1898.*

*Poor laws: Temporary relief to nonresident: Liability of county: Notice: Condition precedent.*

A town, city, or village which furnishes relief to a pauper not having a legal residence therein, upon his being taken suddenly ill, etc., cannot recover the expense thereby incurred from the county if it fails to give notice to the county clerk that it is furnishing such relief within ten days after the disability occurs, as required by sec. 1512, R. S. 1878, as amended by sec. 1, ch. 216, Laws of 1895.
The liability of the county is wholly statutory, and the giving of the notice is a condition precedent to such recovery.

APPEAL from a judgment of the circuit court for Sheboygan county: N. S. GILSON, Circuit Judge. *Affirmed.*

The plaintiff city filed a claim with the county board of *Sheboygan* county for $232.50 for medicine, nursing, and board furnished to one Herman Oestereich, a nonresident pauper, between the 4th day of September, 1896, and the 1st day of November, 1897. The claim was disallowed, and the city appealed to the circuit court.

After the trial in the circuit court, without jury, the court found that on September 4, 1896, Herman Oestereich, an unmarried adult, was injured by a railroad train at the village of Kiel, Manitowoc county, rendering amputation of the right leg necessary, and that on the same day he was brought to the city of *Plymouth* in imminent need of surgical attention to save his life, and then became a public charge, being entirely without money or property; that the proper authorities of the city took immediate charge of said pauper, and furnished him with necessary surgical and medical attention, nursing, clothing, etc., between September 4, 1896, and

November 1, 1897, amounting to $232.50, of which amount the city has actually allowed and paid $78.50, and allowed upon condition $154, which last sum has not been paid; that the total amount allowed and paid and the amount conditionally allowed are just, necessary, and reasonable charges; that said pauper had no legal settlement in the plaintiff city, but was a poor person in need of immediate relief; that the town system of caring for the poor was in force in the defendant county at the time, the distinction between the town and county poor not having been abolished, and the county not having provided for the care of the county poor in the first instance at the expense of the county; that no notice of the fact that said pauper was being relieved by the plaintiff city was served on the clerk of the county within ten days from the 4th of September, 1896, or at any other time; that the city duly presented its account to the county board of supervisors, and that the county board disallowed the same on the ground that the pauper had a legal settlement in the plaintiff city.

As conclusions of law the court found that the notice required by the statute (R. S. 1878, sec. 1512, as amended by ch. 216, Laws of 1895) to be served within ten days, to the effect that a pauper was being relieved by the city, was a condition precedent to the right to recover such expenses from the county, and that the disallowance of the claim by the county board on the ground that the pauper had a legal settlement in the city was not a waiver of the notice.

No exceptions were preserved to these findings, and judgment for the defendant was rendered thereon, and the plaintiff appeals.

For the appellant there was a brief by *Martin Hughes*, attorney, and *Simon Gillen*, of counsel, and oral argument by *Mr. Gillen*.

*Frederick Vollrath*, district attorney, for the respondent.

Gallager vs. Gallager and wife.

Winslow, J. Sec. 1512, R. S. 1878, as amended by sec. 1, ch. 216, Laws of 1895, provided, in substance, that when a nonresident pauper was suddenly taken ill, or became disabled, the town, village, or city in which such disability took place should furnish all necessary relief, and should recover the expenses so incurred of the county, provided the town, village, or city gave notice of the facts to the county clerk within ten days after the disability occurred. The liability is purely statutory, and the remedy given by the statute must be strictly followed. *Milwaukee Co. v. Sheboygan*, 94 Wis. 58. The language used clearly indicates that the notice is a condition precedent to the right to recover. In the present case no such notice was ever given, and the trial court rightly held that there could be no recovery.

*By the Court.*— Judgment affirmed.